**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

BRADLEY ELDRED,

Plaintiff,

CIVIL ACTION NO. 2:20-cv-00571

SHIELD ROOFING AND CONSTRUCTION, LLC,

Defendant.

# COMPLAINT

Comes now the Plaintiff, Bradley Eldred, by counsel, Daniel T Yon, and the law firm of Bailes, Craig, Yon & Sellards, PLLC, and for his Complaint against the Defendant, Shield Roofing and Construction, LLC, states as follows:

1. Plaintiff, Bradley Eldred, (hereinafter "Plaintiff") is a resident of Chesapeake, Ohio.

2. Defendant, Shield Roofing and Construction, LLC, (hereinafter "Defendant") is a limited liability company chartered in Florida and registered to do business in the State of West Virginia.

3. Defendant is doing business in the State of West Virginia, with an office address located at 3174 Earl L. Core Road, Morgantown, West Virginia 26508, and, the events giving rise to this action occurred in and about the State of West Virginia.

**JURISDICTION AND VENUE**

4. Jurisdiction and Venue are proper in the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. § 1332, as Plaintiff is a citizen of Ohio and Defendant is a limited liability company registered in the State of West Virginia, and, the amount in controversy under this Complaint exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

**FACTS**

5. Plaintiffs reassert paragraphs numbered 1-4 of this Complaint as if fully stated verbatim herein.

6. Plaintiff was employed by Defendant from 2015 to 2020 as a salesman.

7. While acting in the scope of employment for Defendant, Plaintiff was required to fulfill responsibilities in the State of West Virginia, including prospecting potential jobs as a salesman; driving thousands of miles per year to estimate, analyze and assess projects; meeting with clients, including homeowners, business owners, contractors and insurers; securing contracts for jobs; and collecting on projects.

8. Pursuant to the terms of Plaintiff's employment with Defendant, Plaintiff's sole compensation and wages were paid in the form of commissions. All jobs sold by Plaintiff and approved by Defendant earned the Plaintiff a commission of five percent (5%). Additionally, upon completion of a job, Plaintiff was entitled to be paid fifty percent (50%) of the profits following Defendant's calculation of costs incurred thereon and an overhead charge collected by the company on each job.

9. During Plaintiff's employment with Defendant, the average commission payment to Plaintiff was thirteen percent (13%) per job.

10. Throughout the entirety of Plaintiff's employment with Defendant, Defendant repeatedly withheld the commissions due and owing to Plaintiff or was delayed in compensating Plaintiff.

11. As a result of Defendant's failure to compensate Plaintiff in a timely manner, Plaintiff has suffered from financial hardship and has been forced to seek employment elsewhere.

12. By letter dated May 13, 2020, Plaintiff formally resigned from employment with Defendant, and requested that wages due and owing be promptly remitted. *See,* Letter of May 13, 2020, attached hereto as Exhibit A.

13. To date, Defendant has failed to compensate Plaintiff wages due and owing in an amount in excess of SIXTY-SEVEN THOUSAND SEVEN HUNDRED TWENTY-EIGHT DOLLARS NINETY-FOUR CENTS ($67,728.94).

14. Additionally, to date, Defendant has failed to compensate Plaintiff wages due and owing in a yet undetermined amount, representing fifty percent (50%) of the profit of certain jobs for which Defendant has not yet calculated the total costs.

15. In total, Defendant has failed to compensate Plaintiff wages due and owing in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

16. As a direct and proximate result of Defendant's failure to compensate Plaintiff with wages due and owing in a timely manner, Plaintiff has suffered, and will continue to suffer, from financial hardship.

**COUNT I**
**VIOLATION OF THE WEST VIRGINIA**
**WAGE PAYMENT AND COLLECTION ACT, W.Va. CODE § 21-5-1, *et seq.*,**

17. Plaintiffs reassert paragraphs numbered 1-16 of this Complaint as if fully stated verbatim herein.

18. Defendant is a limited liability company chartered in Florida and registered in and doing business in the State of West Virginia. As such, Defendant is subject to the West Virginia Wage Payment and Collection Act, W.Va. Code § 21-5-1, *et seq*.

19. West Virginia Code 21-5-1 defines an employee and wages as follows:

(b) The term "employee" or "employees" includes any person suffered or permitted to work by a person, firm or corporation.

(c) The term "wages" means compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation.

20. West Virginia Code 21-5-4(b) dictates when an employee must be paid after termination or resignation. It states:

(b) Whenever a person, firm or corporation discharges an employee, or whenever an employee quits or resigns from employment, the person, firm or corporation shall pay the employee's wages due for work that the employee performed prior to the separation of employment on or before the next regular payday on which the wages would

otherwise be due and payable.

21. Pursuant to W.Va. Code § 21-5-4(e), "if a person, firm or corporation fails to pay an employee wages as required under this section, the person, firm or corporation, in addition to the amount which was unpaid when due, is liable to the employee for two times that unpaid amount as liquidated damages."

22. Pursuant to W.Va. Code § 21-5-12(b), "the court in any action brought under this article may, in the event that any judgment is awarded to the plaintiff or plaintiffs, assess costs of the action, including reasonable attorney fees against the defendant."

23. Plaintiff's last date of employment with Defendant was May 13, 2020, and Plaintiff was thus entitled to payment of all wages due and owing by the next regular payday, on or about June 1, 2020.

24. Defendant's conduct, in failing to compensate Plaintiff for all wages due and owing, constitutes a violation of the West Virginia Wage Payment and Collection Act, W.Va. Code § 21-5-1, *et seq.* Defendant is thereby liable to Plaintiff for unpaid wages, in addition to a sum twice the amount of unpaid wages as liquidated damages, and, for costs and attorney fees incurred in bringing this action.

**WHEREFORE**, Plaintiff, Bradley Eldred, respectfully requests that this Honorable Court enter judgment against Defendant, Shield Roofing and Construction, LLC, and grant the following relief:

A. An award of unpaid wages due and owing, in an amount to be proven at trial, in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

B. An award of liquidated damages, twice the sum of unpaid wages;

C. An award of costs and attorney fees incurred in bringing this action; and,

D. Such other and further relief as this Court deems fair and just.

**A trial by jury is demanded**.

BRADLEY EDLRED

/s/ Daniel T Yon
Of Counsel

Daniel T Yon (WV #6139)
Ralph J. Hagy (WV #12326)
**BAILES, CRAIG, YON & SELLARDS, PLLC**
Post Office Box 1926
Huntington, West Virginia 25720-1926
(304) 697-4700 - Telephone
(304) 697-4714 – Facsimile
dty@bcyon.com
rjh@bcyon.com
***Counsel for Plaintiff, Bradley Eldred***