IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRADLEY ELDRED,

          Plaintiff,

v.                                CIVIL ACTION NO.   3:20-cv-00571

SHIELD ROOFING AND CONSTRUCTION, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Bradley Eldred's ("Plaintiff") Motion for Partial Summary Judgment, (ECF No. 55), and a Motion for Summary Judgment filed by Defendants Shield Roofing and Construction, LLC ("Shield"), Luis Escobedo, and Jose Cabrales (collectively, "Defendants"), (ECF No. 57).   For the reasons below, the Court **DENIES** both motions.

*I.   BACKGROUND*

This action arises out of Defendants' alleged failure to compensate Plaintiff.   The limited undisputed facts of relevance are as follows.   From 2015 to 2020, Plaintiff worked with Defendant Shield in some capacity.   (*See* ECF No. 56 at 1, ¶ 1; ECF No. 58 at 1-2.)   Plaintiff was hired as a W2 employee in 2015.   (ECF No. 58 at 2; ECF No. 61 at 3, ¶ 6.)   Then, on April 1, 2018, Plaintiff formed Eldred Contracting & Consulting, LLC ("ECCO").   (ECF No. 57-3.)

1

The parties disagree on the characterization of the relationship between Plaintiff and Shield at this point. Defendants claim that Plaintiff became an independent contractor with the creation of ECCO. (*See* ECF No. 58 at 3-4.) Plaintiff argues that he maintained his status as an employee. (ECF No. 56 at 5.)

On May 13, 2020, Plaintiff resigned. (ECF No. 56 at 2, ¶ 6; ECF No. 58 at 18.) On August 28, 2020, Plaintiff filed the instant suit. (ECF No. 1). The Amended Complaint, filed December 20, 2020, alleges violations of the West Virginia Wage Payment and Collection Act ("WVWPCA"), W. Va. Code § 21-5-1, *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (ECF No. 31 at 4, 8.)

Plaintiff's Motion for Partial Summary Judgment was filed on October 7, 2021. (ECF No. 55.) Defendants timely responded, (ECF No. 62), and Plaintiff timely replied, (ECF No. 69). Defendant's Motion for Summary Judgment was also filed on October 7, 2021. (ECF No. 57.) Plaintiff timely responded, (ECF No. 61), and Defendants timely replied, (ECF No. 70). As such, these motions are fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. In pertinent part, this rule states that a court should grant summary judgment if "there is no genuine issue as to any material fact." Summary judgment should not be granted, however, if there are factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport*

*Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When evaluating these factual issues, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

"The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence' . . .." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). This burden may be met by use of depositions and other discovery materials. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party meets its burden, the burden shifts to the non-moving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Should a party fail to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.* at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### III. DISCUSSION

Defendants moved for summary judgment, arguing that the WVWPCA and the FLSA are inapplicable because Plaintiff was an independent contractor and, thus, not an "employee" of Shield under the statutes. (ECF No. 58.) Plaintiff moved for summary judgment on his FLSA claim and opposed Defendants' motion by arguing that Shield "improperly misclassified Plaintiff

as an independent contractor," when, in reality, he maintained his status as an employee. (ECF Nos. 56, 59.) As such, the focus of every brief submitted to the Court is whether Plaintiff was an employee or independent contractor following the creation of ECCO. (*See* ECF Nos. 56, 58, 61, 62, 69, 70.) However, the parties' lengthy arguments on various factors and Defendants' "Counter Statement of Facts," (ECF No. 62 at 6,) make it plain that there are genuine issues of material fact as to both of Plaintiff's claims regarding his status as an employee or independent contractor.

Accordingly, Plaintiff's Motion for Partial Summary Judgment, (ECF No. 55), and Defendants' Motion for Summary Judgment, (ECF No. 57), are **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 10, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE